Amanda F. Benedict, Ca. Bar No. 200291
LAW OFFICE OF AMANDA F. BENEDICT
7710 Hazard Center Dr., Ste E-104
San Diego, CA 92108
Telephone:  (760) 822-1911
Facsimile:  (760) 452-7560
amanda@amandabenedict.com

Stefan Coleman* Fl. Bar No. 30188
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
law@stefancoleman.com

Avi R. Kaufman* Fl. Bar No. 84382
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
kaufman@kaufmanpa.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANN FELLOWS,** individually, and on behalf of all others similarly situated, | Case No.  **'18 CV 2465 AJB  WVG** |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| **BRIDGEPOINT EDUCATION, INC.,** a Delaware corporation, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff Ann Fellows ("Fellows" or "Plaintiff") brings this Class Action Complaint against Defendant Bridgepoint Education, Inc. ("Bridgepoint" or "Defendant Bridgepoint") to stop Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making unsolicited, autodialed calls to consumers without their consent, including calls to consumers whose telephone numbers are registered on the National Do Not Call registry ("DNC"), and to obtain

injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1.     Bridgepoint is a for-profit education services company which owns and operates the University of the Rockies and Ashford University.[1]

2.     Bridgepoint controls and manages calls to consumers on behalf of the University of the Rockies and Ashford University.

3.     Bridgepoint strongly pushes its telemarketers, otherwise known as "enrollment counselors," to hit their enrollment numbers that will ensure profitability for these universities. Chief among the telemarketing methods is using an autodialer system.

4.     In Plaintiff's case, Defendant placed 19 unsolicited, autodialed calls to her cellular phone, despite Plaintiff having her phone number registered with the National Do Not Call registry to prevent such calls, and despite Plaintiff's clear request for the telemarketing calls to stop.

5.     In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited calls to consumers' cellular telephone numbers using an automatic telephone dialing system without consent and otherwise calling telephone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes and costs.

## PARTIES

6.     Plaintiff Fellows is an Erie, Pennsylvania resident.

7.     Defendant Bridgepoint is a Delaware corporation headquartered in San Diego, California. Defendant Bridgepoint conducts business throughout this District, the State of California, and throughout the United States.

///

---

[1] http://bridgepointeducation.com/aboutus/mission.htm

CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

**JURISDICTION AND VENUE**

8.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9.      This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Bridgepoint is headquartered in this District, and because the wrongful conduct giving rise to this case was directed from this District.

**COMMON ALLEGATIONS**

**Bridgepoint makes telemarketing calls to consumers to promote the University of the Rockies and Ashford University**

10.      Bridgepoint uses a variety of methods to generate leads for prospective students for their universities.[2]

11.      Bridgepoint employs telemarketers a/k/a enrollment counselors, to call these leads to solicit them to enroll in one of their for-profit universities.

12.      Bridgepoint owns and operates a call center where they use "call campaigns" and run "dialer jobs on new and existing student populations" to enroll new students in Ashford University and/or the University of the Rockies.[3]

13.      Bridgepoint places great pressure upon its "enrollment counselors" to enroll students based on sales goals and metrics. There are numerous complaints online regarding Bridgepoint's questionable recruiting tactics posted by current and former Bridgepoint employees about the pressure that is placed upon them to reach these sales quotas.[4, 5]

///

///

---

[2] https://bridgepointeducation.jobs/san-diego-ca/senior-manager-digital-marketing/FD260E5FF37043D4B9A150B999BBA424/job/
[3] https://bridgepointeducation.jobs/san-diego-ca/contact-center-analyst/4C773E66CE984FABAEAD7AD920CC77D9/job/
[4] https://bridgepointeducation.jobs/san-diego-ca/senior-manager-digital-marketing/FD260E5FF37043D4B9A150B999BBA424/job/
[5] https://www.courthousenews.com/wp-content/uploads/2017/11/Ashford-Bridgepoint-COMPLAINT-Calif.pdf

**Bridgepoint Calls Consumers Using an Autodialer Without Consent**

14.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

15.     Yet in violation of this rule, Defendant fails to obtain any express written consent prior to making autodialed solicitation calls to cellular telephone numbers such as Plaintiff's.

16.     In placing the calls that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

17.     Bridgepoint expressly admits it contacts consumers using an autodialer, including in job postings.[6, 7]

18.     It is no surprise that consumers have complained about the incessant and unyielding calls from Bridgepoint:

- "For the past 2 weeks they have been spamming me with calls from different numbers that are local to me. I'm talking 4 calls a day with 0 messages. How do I know it's them? I called back one day and sure enough it was University of the Rockies. I find it hard to believe that a respected institution would stoop so low as to spam call someone that is not interested."[8]

---

[6] https://bridgepointeducation3.wd5.myworkdayjobs.com/Bridgepoint_External/job/San-Diego-CA/Student-Inquiry-Coordinator_R18-0171-2
[7] https://www.ziprecruiter.com/c/Bridgepoint-Education/Job/Contact-Center-Analyst/-in-San-Diego,CA?ojob=f2906af22a8bb3fd2d56db273923003b
[8] https://www.facebook.com/pg/UniversityoftheRockies/reviews/?ref=page_internal

- "They [have] called me multiple times even after I asked them to take my number away[.]"[9]
- "I got rocky mtn….they thanked me for selecting them for my edu., even though I did not solicit them…"[10]
- "They call me and when i answer they hang up"[11]
- "Calls multiple times a week and leaves no message."[12]"The number keeps calling me each week."[13]

## PLAINTIFF'S ALLEGATIONS

**Bridgepoint Repeatedly Called Plaintiff's Cell Phone Number Without Plaintiff's Consent, Despite Plaintiff Registering Her Phone Number on the DNC and Despite Plaintiff Requesting For the Calls To Stop**

19.     On October 1, 2015, Plaintiff registered her cellular telephone number on the National Do Not Call Registry.

20.     On December 5, 2016 at 4:58 pm, Plaintiff received an autodialed phone call from Defendant using phone number 844-860-6556 to her cellular phone.

21.     Again on December 5, 2016 at 4:59 pm, just one minute after the previous call, Plaintiff received an autodialed call from Defendant to her cellular phone, this time using phone number 866-621-0124.

22.     Plaintiff received a third call on December 5, 2016 from Defendant using an autodialer at 6:19 pm, using phone number 240-745-4300.

23.     None of the December 5, 2016 calls were answered.

24.     On December 6, 2016 at 12:22 pm, Plaintiff called Defendant at phone number 240-745-4300 to find out who was calling her. The call was answered and the company identified itself as being the University of the Rockies.

---

[9] *id*
[10] https://800notes.com/Phone.aspx/1-844-860-6556
[11] *id*
[12] *id*
[13] http://numberrecords.com/8666210124.tel

CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

25. Plaintiff received a fourth call on December 6, 2016 at 2:31pm from Defendant using phone number 240-745-4300.

26. Additional calls came in from Defendant on December 8, 2016 at 1:26 pm and December 12, 2016 at 10:51 am. For both calls, Defendant called using phone number 866-621-0124.

27. Plaintiff received yet another call from Defendant to her cellular phone on December 14, 2016 at 11:06 am. During this call, Defendant left a voicemail stating, "This is Julie with University of the Rockies. I can be reached at 866-621-0124 extension 15515."

28. On December 16, 2016 at 4:02 pm, Plaintiff received an autodialed call on her cellular phone from Defendant using phone number 866-621-0124. Plaintiff answered this call, noting that there was a significant pause upon answering before a live agent named Krista began to speak. A notable pause before a live agent is indicative of a call being made by an autodialer. The plaintiff told Krista that she wanted the calls stopped and repeated her cell phone number so there would be no confusion about which number Defendant should stop calling.

29. Despite asking for the calls to stop, Plaintiff received additional unwanted autodialed calls from Defendant to her cellular phone using phone number 866-621-0124 on the following dates and times:

- December 19, 2016 at 11:36 am
- December 28, 2016 at 4:49 pm
- December 30, 2016 at 11:30 am
- January 3, 2017 at 1:46 pm
- January 12, 2017 at 1:52 pm
- January 19, 2017 at 4:16 pm
- February 17, 2017
- March 13, 2017 at 6:39 pm
- April 26, 2017 at 2:37 pm
- June 15, 2017 at 2:00 pm
- October 13, 2017 at 3:08 pm

30.     In total, Plaintiff received at least 19 unsolicited, autodialed calls to her cellular phone from Defendant, and at least 11 calls after Plaintiff asked for the calls to stop.

31.     Plaintiff does not have a relationship with Bridgepoint, nor has she ever requested that Bridgepoint call her.

32.     Simply put, Bridgepoint did not obtain Plaintiff's prior express written consent to place solicitation telephone calls to her on her cellular telephone using an autodialer, or to otherwise call her number that was registered on the DNC.

33.     The unauthorized telephone calls made by Bridgepoint, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Fellows' use and enjoyment of her phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

34.     Seeking redress for these injuries, Fellows, on behalf of herself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones and unsolicited calls to telephone numbers registered on the DNC.

### CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by Defendant**

35.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of the following four Classes:

**Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using the same equipment used to call Plaintiff, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they obtained prior express written consent to call Plaintiff, or (b) Defendant did not obtain prior express written consent.

**Autodialed Stop Class**: All persons in the United States who from four years prior to the filing of this action through the present: (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using the same equipment used to call Plaintiff, (4) after the person informed Defendant that s/he no longer wished to receive phone calls from Defendant.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through the present: (1) Defendant (or an agent acting on behalf of Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for the purpose of selling products and/or services, and (5) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they obtained prior express written consent to call Plaintiff, or (b) Defendant did not obtain prior express written consent.

**Do Not Call Stop Class**: All persons in the United States who from four years prior to the filing of this action through the present: (1) Defendant (or an agent acting on behalf of Defendant) called more than one time, (2) within any 12-month period, (3) for the purpose of selling products and/or services, (4) at least thirty days after the person had previously informed Defendant to stop calling.

36.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

37.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

38.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendant utilized an automatic telephone dialing system to make calls to Plaintiff and the members of the Classes;

    (b) whether the Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

    (c) whether the Defendant made autodialed telephone calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

(d) whether the Defendant made autodialed telephone calls to Plaintiff and members of the Classes despite being asked to stop calling;

(e) whether the Defendant made telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry more than 31 days after being asked to stop calling;

(f) whether Defendant's conduct constitutes a violation of the TCPA; and

(g) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

39.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

40.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

///

1
2
3

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

4     41.    Plaintiff repeats and realleges paragraphs 1 through 40 of this Complaint and
5 incorporates them by reference herein.

6     42.    Defendant and/or their agents made unwanted solicitation telephone calls to cellular
7 telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent
8 Class using an autodialer.

9     43.    These solicitation telephone calls were made *en masse* without the consent of the
10 Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation
11 telephone calls.

12     44.    Defendant did not have consent from the Plaintiff to call her.

13     45.    Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of
14 Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each
15 entitled to between $500 and $1,500 for each violation.

16
17
18

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed Stop Class)**

19     46.    Plaintiff repeats and realleges paragraphs 1 through 40 of this Complaint and
20 incorporates them by reference herein.

21     47.    Defendant and/or their agents made unwanted solicitation telephone calls to cellular
22 telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Call Class
23 after being told to stop calling.

24     48.    These solicitation telephone calls were made en masse.

25     49.    Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of
26 Defendant's conduct, Plaintiff and the other members of the Autodialed Stop Call Class are each
27 entitled to between $500 and $1,500 for each violation.

28 ///

CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

50.     Plaintiff repeats and realleges the paragraphs 1 through 40 of this Complaint and incorporates them by reference herein.

51.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

52.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[14]

53.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

54.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

55.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a

---

[14] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

56. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class are entitled to between $500 and $1,500 per violation.

**FOURTH CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Stop Class)**

57. Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint and incorporates them herein by reference.

58. Defendant violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to telephone subscribers such as Plaintiff and the Do Not Call Registry Stop Class who specifically informed Defendant to stop calling them, and who received two or more additional calls within a 12-month period from Defendant at least thirty (30) days after informing Defendant to stop calling them.

59. Defendant made these calls without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

60. As a result of Defendant's unlawful conduct, Plaintiff and the Do Not Call Registry Stop Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the Do Not Call Registry Stop Class is each entitled to between $500 and $1,500 per violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**ANN FELLOWS**, individually and on behalf of those similarly situated individuals

Dated: October 25, 2018          By:   /s/ *Amanda Benedict*

Amanda Benedict
Law Office of Amanda Benedict
7710 Hazard Center Drive, Ste E104
San Diego, CA 92108
Telephone: (760) 822-1911
amanda@amandabenedict.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| ANN FELLOWS, individually and on behalf of all others similarly situated, | BRIDGEPOINT EDUCATION, INC., a Delaware corporation, |

| (b)   County of Residence of First Listed Plaintiff   Erie County, PA | County of Residence of First Listed Defendant   San Diego County, CA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Amanda Benedict, Law Office of Amanda Benedict, 7710 Hazard Center Drive, Ste E104, San Diego, CA 92108 \| (760) 822-1911 amanda@amandabenedict.com | '18 CV 2465 AJB  WVG |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government   Plaintiff
- ☐ 2   U.S. Government   Defendant
- ☒ 3   Federal Question   *(U.S. Government Not a Party)*
- ☐ 4   Diversity   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227

Brief description of cause:
Violation of the Telephone Consumer Protection Act

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | | DOCKET NUMBER |
|---|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| October 23, 2018 | s/ Amanda Benedict |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

| Print | Save As... | Reset |
|---|---|---|